**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY CAROL HUTCHISON,

              Plaintiff-Appellant,

  v.

STATE OF OREGON; et al.,

              Defendants-Appellees.

No.   18-35820

D.C. No. 1:17-cv-01594-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Nancy Carol Hutchison appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim. *Barren v. Harrington*, 152 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Hutchison's action was proper because Hutchison failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged.").

The district court did not abuse its discretion by denying Hutchison's motion to extend the deadline for her objections to the judge's findings and recommendations because Hutchison failed to establish excusable neglect.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258, 1261 (9th Cir. 2010) (setting forth standard of review and four-part balancing test to determine whether a party's failure to meet a deadline constitutes excusable neglect).

**AFFIRMED.**